**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VINCENT J. LABARCA,** *on behalf of themselves*
*and all others similarly situated*, **and TRISHA A.**
**FLINT,** *on behalf of themselves and all others*
*similarly situated*,

                              **Plaintiffs,**

        vs.                                                    **6:16-cv-826**
                                                               **(MAD/TWD)**

**GRJH, INC.,** *doing business as Cobble Pond Farms*;
**JAMES METZ,** *individually*; **ALICIA H. METZ,**
*individually*; **and LAUREN H. SIMONS,**
*individually*,

                              **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**IANNIELLO ANDERSON, P.C.**              **SARAH J. BURGER, ESQ.**
358 Broadway, Suite 206
Saratoga Springs, New York 12866
Attorneys for Plaintiffs

**FRIEDMAN, HIRSCHEN & MILLER, LLP**     **JEANNE GONSALVES LLOYD, ESQ.**
100 Great Oaks Boulevard
Suite 124
Albany, New York 12203
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Plaintiffs commenced this action on July 6, 2016, seeking declaratory and monetary relief

to redress alleged deprivations of their rights under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.* (the "FLSA"), and New York Labor Law § 190.  *See* Dkt. No. 1.  On June 8, 2017,

Defendants made an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil

Procedure.  On June 12, 2017, Plaintiffs filed a Notice of Acceptance of the Rule 68 Offer.  *See* Dkt. No. 47.  As such, the Court entered judgment on June 15, 2017 and closed this case.  *See* Dkt. No. 53.

Currently before the Court is Defendants' motion seeking to revoke or rescind their Rule 68 Offer, or, in the alternative, to amend, alter, or revoke the judgment.  *See* Dkt. No. 58.

## II. BACKGROUND

This action was commenced by Plaintiffs Vincent J. LaBarca and Tricia A. Flint on behalf of themselves and all others similarly situated, on or about July 7, 2016, against their former employer, GRJH, Inc., d/b/a Cobble Pond Farms, and the purported officers of GRJH, Inc., James Metz, Alicia H. Metz, and Lauren H. Simons.  *See* Dkt. No. 1.  The Complaint contains three causes of action, alleging primarily the failure to pay Plaintiffs no less than one and one-half times their regular pay rate for hours worked in excess of forty hours in a workweek, in violation of the FLSA and New York Labor Law.  *See id.* at ¶¶ 58-68.  All three causes of action listed reasonable attorneys' fees and costs as part of the relief Plaintiffs were seeking.

After completion of mandatory disclosures, paper discovery, and the depositions of the representative Plaintiffs, the parties attended a mediation session with the Honorable Randolph Treece, on March 28, 2017, as part of the Northern District of New York's Mandatory Mediation Program.  *See* Dkt. No. 58-1 at ¶ 8.  While offers and counteroffers were exchanged during the mediation, the case did not settle at that time.  *See id.*  All of the offers and counteroffers extended at that time contemplated a global resolution to all claims asserted in the complaint, including all claims for wages, attorney's fees, costs and interest.  *See id.*

Settlement negotiations continued with the assistance of the mediator until April 27, 2017. *See id.* at ¶ 9.  In response to Plaintiffs $85,000 settlement demand, on April 14, 2017, Defendants

authorized their attorney, Jeanne M. Gonsalves Lloyd, Esq., to extend a global settlement offer to

Plaintiffs in the amount of $70,000, payable over a two-year period. *See id.* at ¶ 10; *see also* Dkt.

No. 61-1 at ¶ 6. On April 26, Plaintiffs' counsel, Sarah Burger, Esq., responded to the April 14

offer as follows: "We are getting close. I just spoke to my clients again. The two year payment

plan for $70k seems excessive, especially in light of the offer being $10k more than the last lump

sum offer of $60k. If your clients require a two year payment plan then the total settlement would

need to be around $100,000.00. At this time I am authorized to make a counteroffer of

$77,500.00. We are open to suggestions on how to structure the settlement. Hope we can close

the gap. Thanks." Dkt. No. 58-1 at ¶ 11.

> Upon receipt of this email from Ms. Burger, Ms. Lloyd responded as follows:

> > I am quite confident that my clients will not agree to the
> > $77,500.00, however, I will pass this counteroffer on to them. If
> > my clients will agree to a $70,000.00 up front payment, will that
> > settle the case? I am not sure that this is even a possibility they will
> > consider, but I will recommend it if you tell me that your clients
> > will accept that.

*Id.* at ¶ 12. That same day, Ms. Burger responded "I will speak to them again. I am fairly certain

they will accept $75,000.00 based upon prior discussions. At $75,000.00 we are taking a 25% cut

on attorney fees. We cannot do much better than that." *Id.* at ¶ 13. The next day, April 27, 2017,

Ms. Burger sent another email stating as follows: "$75,000.00 is as low as we can go. That's our

final. Thanks. Otherwise, let's coordinate to get the 8 depositions scheduled." *Id.* at ¶ 14.

> Counsel for all parties appear to agree that each of the settlement offers and settlement

demands extended at the mediation and continuing thereafter in April 2017 contemplated full

resolution of all claims in the Complaint, including Plaintiffs' claims for attorney's fees. *See id.* at

¶ 15; *see also* Dkt. No. 61-1 at ¶¶ 5-8. After settlement discussions failed, the depositions of the

individually named Defendants was scheduled for June 13, 29-30, 2017, and subpoenas for the

depositions of five non-party witnesses were served and their depositions scheduled for July 11-

13, 2017.  *See* Dkt. No. 61-1 at ¶ 8.

On June 8, 2017, Ms. Lloyd was directed by her clients to serve a Rule 68 Offer of

Judgment in the sum of $70,000.00.  *See* Dkt. No. 58-1 at ¶ 17.  According to Ms. Lloyd,

"[i]nstead of the $70,000.00 being made payable over a two year period as previously offered,

however, in order to make the offer more palatable to plaintiffs and their counsel, the defendants

instructed me to make the $70,000.00 payable over a period of 9 months as opposed to two

years."  *Id.*  The Offer of Judgment served on Plaintiffs stated, in relevant part, as follows:

> The defendants . . . hereby make an Offer of Judgment, pursuant to
> Rule 68 of the Federal Rules of Civil Procedure, to the Plaintiffs,
> Vincent J. LaBarca and Trisha A. Flint, on behalf of themselves and
> all others similarly situated, in the amount of $70,000.00, with costs
> as set forth in 28 U.S.C. Section 1920, accrued to date, which
> Judgment shall be payable as follows:
>
> -$17,500.00 with costs pursuant to 28 U.S.C. Section 1920, accrued
> to date, within 30 days of service of written notice accepting the
> offer;
>
> - $17,500.00 payable within three (3) months of the initial payment;
>
> - $17,500.00 payable within six (6) months of the initial payment;
> and
>
> - $17,500.00 payable within nine (9) months of the initial payment.

Dkt. No. 47 at 3.

On June 9, 2017, Ms. Burger emailed Ms. Lloyd, indicating that she would discuss the

Rule 68 Offer with her clients.  *See* Dkt. No. 58-1 at ¶ 21.  Later that day, Ms. Burger called Ms.

Lloyd regarding the offer.  *See id.* at ¶ 23.  According to Ms. Lloyd, Ms. Burger asked whether, if

accepted by her clients, GRJH, Inc. would be reporting the payments as 1099 or W-2 income to

her clients.  *See id.*  Ms. Lloyd responded that she was unsure, as she is neither an accountant or

tax attorney, but stated that she did not believe that all of the payments could be properly reported as W-2 income for two reasons: "1) plaintiffs are no longer employees of GRJH; and 2) the $70,000.00 included both wages and attorney's fees." *Id.* Ms. Lloyd claims that Ms. Burger's only response to this was to indicate that "'[y]our Offer of Judgment is very clear.'" *Id.*[1]

On June 12, 2017, Ms. Burger sent Ms. Lloyd an email informing her that her clients were accepting the Rule 68 Offer and that she would shortly file the Notice of Acceptance. *See id.* at ¶ 24. Later that day, Ms. Burger filed Plaintiffs' Notice of Acceptance with the Court, which included the following language: "Pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, plaintiffs Vincent J. LaBarca and Tricia A. Flint, through their undersigned counsel, hereby accept and provide notice that they have accepted Defendants' Offer of Judgment to Plaintiffs dated June 8, 2017, attached hereto as Exhibit 'A.'" *Id.* at ¶ 26. In their motion, Defendants note that, while the Rule 68 Offer was made not only to LaBarca and Flint, but also "on behalf of themselves and all others similarly situated[.]" *Id.* at ¶ 27. The Rule 68 Offer was worded that way because, according to Defendants, LaBarca and Flint brought this action not just in their individual capacities, but "'on behalf of themselves and similarly situated persons who are current and former employees of defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").'" *Id.* at ¶ 28.

On the morning of June 13, 2017, Defendant Metz contacted Ms. Lloyd to request that she contact Ms. Burger and/or the Court to request that entry of Judgment on the Rule 68 Offer of Judgment be held in abeyance pending Defendants' final payment, at which time both the Judgment and Satisfaction piece could be filed. *See* Dkt. No. 58-1 at ¶ 32. When asked, Ms.

---

[1] The Court notes that, in her affidavit in opposition to Defendants' motion, Ms. Burger acknowledges that this conversation took place and does not dispute Ms. Lloyd's representations as to what was discussed. *See* Dkt. No. 61-1 at ¶ 12.

Burger indicated that the proposed delayed filing of the Judgment was not possible under Rule 68.
*See* Dkt. No. 61-1 at ¶ 16.  Later that day, Ms. Lloyd filed a letter motion with the Court seeking
the delayed entry of judgment, which Plaintiffs "vehemently object[ed]."  Dkt. Nos. 49 & 50.

Although there was no mention of attorney's fees in Plaintiffs' letter in opposition to
Defendants' motion, Ms. Lloyd claims that she first became suspicious of the possibility that
Plaintiffs would be seeking such fees because of the authority cited in the June 13, 2017 letter.
*See* Dkt. No. 58-1 at ¶ 34.[2]  On June 14, 2017, Ms. Lloyd attempted to call Ms. Burger to discuss
her suspicion, but Ms. Burger was unavailable.  *See id.* at ¶ 35.  At this point, Ms. Lloyd sent Ms.
Burger a lengthy email in which she indicates, among other things, that it was always the intent of
all parties to resolve all issues, including attorney's fees in a global settlement and asked for
clarification on whether Ms. Burger was intended to file a separate application for additional fees.
*See id.* at 73-74.  Shortly thereafter, Ms. Burger sent a return email, which did not address her
intent regarding the issue of attorney's fees and simply reiterated that the Rule 68 Offer had been
accepted.  *See id.* at 72.  Since Ms. Burger did not address the concerns raised in her response,
Ms. Lloyd sent Ms. Burger the following email:

> I do not wish to burden the Court unnecessarily.  I am simply
> seeking clarification from you concerning the basis of your
> objection.  If you[r] objection is simply based on the question of the
> timing of when the Judgment is to be entered, and we are in
> agreement that the $70,000 plus Section 1920 costs accrued to date
> will resolve all claims and causes of action in the case, inclusive of
> attorney's fees, there is no need to further burden the Court.  In the
> event, however, that it is plaintiffs' intent to pursue additional
> attorney's fees on top of those contemplated as part of the $70,000
> set forth in the Offer of Judgment, as well as Sec. 1920 costs,

---

[2] Ms. Lloyd is referring to *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833-34 (9th Cir.
1997), where the Ninth Circuit held that a Rule 68 Offer of a sum certain "plus costs" does not
exclude a latter application for attorney's fees where the underlying statutes treat costs and
attorney's fees separately).

> further communication with the Court will be necessary.  Kindly
> clarify your intentions in this regard by stating whether or not you
> will be pursuing attorney's fees in addition to the $70,000.  If not,
> we will abide by whatever decision the Court renders concerning
> our request that the entry of the Judgment be held in abeyance.  If
> you are pursuing additional attorney's fees, we will make a further
> application to the Court.

*Id.* at 72.  Ms. Burger never responded to this follow-up email.  *See* Dkt. No. 58-1 at ¶ 36.

On June 15, 2017, the Court denied Defendants' letter requesting asking the Court to delay filing the Judgment and entered Judgment and closed the case.  On June 16, 2017, Ms. Lloyd filed a letter with the Court requesting a telephone conference to discuss the issue of attorney's fees and that the Court delay entering judgment until after the conference.  *See* Dkt. No. 54.  Although Judgment had already been entered on June 15, 2017, a telephone conference was scheduled for June 29, 2017.  On June 28, 2017, Plaintiffs filed motions for attorney's fees and costs.  *See* Dkt. Nos. 55 & 56.  During the telephone conference on June 29, 2017, the Court granted Defendants request to file a motion to revoke or rescind, which was filed on July 12, 2017 and is currently pending before the Court.  *See* Dkt. No. 58.

In their motion, Defendants make several arguments in support of the relief they seek. First, Defendants contend that because Plaintiffs' complaint contains claims for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) as part of the substantive relief sought therein, such fees and costs are included within Defendants' Rule 68 Offer of Judgment and their offer was not ambiguous.  *See* Dkt. No. 58-4 at 7-9.  Next, Defendants argue that Plaintiffs' Notice of Acceptance was, in fact, a counteroffer not recognized or authorized by Rule 68 and was not accepted or agreed to by Defendants; therefore, the Judgment entered thereon is void and should be stricken.  *See id.* at 9-11.  Thereafter, Defendants contend that Plaintiffs' Notice of Acceptance and the June 15, 2017 Judgment entered thereon should be altered, amended, or stricken because

they contain material omissions and mistakes which alter the terms of Defendants' Rule 68 Offer. *See id.* at 11-15.  Additionally, Defendants argue that, to the extent that Plaintiffs purportedly misunderstood the scope of the Rule 68 Offer as being inclusive of all substantial claims set forth in the Complaint, including all claims for attorney's fees, and to the extent that the Notice of Acceptance of the Rule 68 Offer and the Judgement entered thereon do not include all claims for attorney's fees and all claims on behalf of other individuals similarly situated to LaBarca and Flint, Defendants should be permitted to revoke and rescind the Offer and the Notice of Acceptance. *See id.* at 15-18.  Finally, Defendants contend that defense counsel lacked authority to make a Rule 68 Offer to resolve anything less than all of the claims for relief set forth in the Complaint, including all claims for attorney's fees. *See id.* at 18-19.

## III. DISCUSSION

**A.    Rule 68 Offer of Judgment**

Federal Rule of Civil Procedure 68 provides that: "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  If, within fourteen days, the opposing party accepts the offer in writing, either side may file the offer and notice of acceptance, and "[t]he clerk must then enter judgment."  *Id.*  If the opposing party does not accept the offer, it must pay the "costs" incurred after the offer was made if it does not obtain a judgment "more favorable than the unaccepted offer."  Fed. R. Civ. P. 68(d).

"Rule 68 is a cost-shifting rule intended to encourage settlement and avoid protracted litigation." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) (citing *Marek v. Chesny*, 473 U.S. 1, 5, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985)).  Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles. *See id.* (citing

*Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992)).

Rule 68 offers of judgment, however, are different from other contract offers in that they carry

legal consequences: a party that rejects a Rule 68 offer may be subject to the cost-shifting

provision of Rule 68(d) if it does not obtain a more favorable judgment. *See id.* (citing *Sanchez v.

Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013)).  Hence, as discussed more fully below,

ambiguities will be construed against the party making the offer. *See id.* (citation omitted); *see

also Sanchez*, 709 F.3d at 692 ("[B]ecause the consequences of a Rule 68 offer are so great, the

offering defendant bears the burden of any silence or ambiguity concerning attorney fees").

       Whether a Rule 68 judgment encompasses claims for attorneys' fees authorized to

prevailing parties by statute or contract depends on the terms of the accepted offer. *See Steiner*,

816 F.3d at 31.  "'[W]here the language of the contract [i.e., the Rule 68 offer and acceptance

thereof] is clear and unambiguous, the contract is to be given effect according to its terms.'" *Id.*

(quoting *Lee v. BSB Greenwich Mortg. Ltd. P'ship*, 267 F.3d 172, 178 (2d Cir. 2001)) (other

quotation omitted).  "If a Rule 68 offer unambiguously includes attorneys' fees, plaintiffs may not

accept the offer and then apply to the court for fees in addition to the accepted settlement." *Id.*

(other citations omitted); *see also Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962

F.2d 268, 272 (2d Cir. 1992) ("[I]f a writing, or the term in question, appears to be plain and

unambiguous on its face, its meaning must be determined from the four corners of the

instrument") (quoting John D. Calamari & Joseph M. Perillo, Contracts 166-67 (3d ed. 1987));

*Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1243 (11th Cir.

2002) ("An offer that ... unambiguously include[s] attorneys' fees ... will bar the plaintiff who

accepts it from seeking additional attorneys' fees under the relevant statute...."); *Nordby v. Anchor

Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999) (affirming denial of attorneys' fees where

the plaintiff accepted an unambiguous offer); *Marek v. Chesny*, 473 U.S. 1, 6-7 (1985) ("If defendants are not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers").  "If the terms of a contract are clear, courts must 'take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself.'"  *Steiner*, 816 F.3d at 32 (quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)).  "The simplest way for parties to avoid ambiguity — and the risk of further litigation — is to refer explicitly to 'attorneys' fees' in the written Rule 68 offer."  *Id.*

Where an offer is silent on attorneys' fees there may be a question as to whether fees are included and whether claims for fees will be extinguished."  *Steiner*, 816 F.3d at 32 (citing *Hennessy v. Daniels Law Office*, 270 F.3d 551, 553 (8th Cir. 2001)) (other citations omitted); *see also Nordby*, 199 F.3d at 392 ("'[J]udgment' can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees.  The defendants ... failed to indicate which they meant, and this made their offer ambiguous").  "Courts have generally held that such ambiguities will be construed against the offeror."  *Id.* (citing *Sanchez*, 709 F.3d at 692) (other citations omitted); *see also Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833-34 (9th Cir. 1997) ("[I]t is incumbent on the defendant making a Rule 68 offer to state clearly that attorney fees are included as part of the total sum for which judgment may be entered if the defendant wishes to avoid exposure to attorney fees in addition to the sum offered plus costs").

A contract is ambiguous if it is 'reasonably susceptible of more than one interpretation,' and unambiguous if it has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a

difference of opinion.'"  *Steiner*, 816 F.3d at 32 (citing *Goodheart Clothing*, 962 F.2d at 272;

*Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990); *Hunt Ltd. v.*

*Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989)).  "Courts are not required to

find contract language ambiguous where 'the interpretation urged by one party would strain[ ] the

contract language beyond its reasonable and ordinary meaning.'"  *Id.* (quotation and other citation

omitted).  "Thus, although use of the words 'attorneys' fees' is the best practice, an offer that does

not use these exact words may nonetheless be unambiguous."  *Id.* (citation omitted); *see also*

*Nordby*, 199 F.3d at 393 (rejecting "a magic-words approach ... in favor of an approach ... that

gives effect to an unambiguous offer even if it does not mention attorneys' fees explicitly").

    In their motion, Defendants first contend that because Plaintiffs' Complaint contains

claims for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) as part of the substantive relief

sought therein, such fees and costs are included within Defendants' Rule 68 Offer of Judgment

and their Offer was not ambiguous.[3]  *See* Dkt. No. 58-4 at 7-9.  Defendants rely primarily on

*Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999), in support of its position

that its Rule 68 Offer was not ambiguous even though it did not expressly state that the offer

encompassed attorney's fees.  *See id.* at 8.  That decision, however, is easily distinguishable from

the present matter.  In *Nordby*, the Rule 68 offer of judgment was for "'judgment in the amount of

$56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint.'"

*Nordby*, 199 F.3d at 391.  Citing a case in which it had determined an offer of judgment was

ambiguous, the court recognized that "'judgment' can mean either the substantive relief ordered

---

[3] Plaintiffs note that Defendants' arguments regarding the availability of attorney's fees are more appropriate in response to their application for attorney's fees.  The Court will nevertheless address this issue in deciding the present motion because the discussion of this issue places the present controversy in context and it will prevent the Court from having to address this issue again in the future when deciding the fees application.

(whether legal or equitable), or that plus attorneys' fees." *Id.* at 392.  Nevertheless, the court held

that there was "no ambiguity" in the offer of judgment there: "'[O]ne total sum as to all counts of

the amended complaint' can only mean one amount encompassing all the relief sought in the

counts. One of those counts specified attorneys' fees as part of the relief sought.  That relief was

covered by the offer." *Id.*

Although Plaintiffs complaint did request attorney's fees as part of its requested relief, "the

inclusion of this request did not serve to transform the action into one that principally sought

recovery of attorney's fees and costs." *Bosley v. Mineral County Com'n*, 650 F.3d 408, 413 (4th

Cir. 2011).  Indeed, even the court in *Nordby* considered that it might reach a different outcome in

this circumstance: "We might have a different case if instead of seeking an award of attorneys'

fees specified in one of the counts, the plaintiffs were seeking an award of fees under a statute or

rule or common law principle not cited in any of the counts of the complaint." *Nordby*, 199 F.3d

at 392-93.

Contrary to Defendants' assertions, the majority of courts to have addressed the issue have

held that where the Rule 68 offer of judgment mentions costs but is silent as to attorney's fees, the

plaintiff is not precluded from seeking such fees when the relevant substantive statute upon which

the suit is premised provides for attorney's fees to the prevailing party.  For example, in *Van

Echaute v. Law Office of Thomas Landis, Esq.*, No. 6:09-cv-1071, 2011 WL 1302195 (N.D.N.Y.

Mar. 31, 2011), the plaintiff alleged violations of the Fair Debt Collection Practices Act

("FDCPA").  The defendant filed an offer of judgment that included "costs accrued to . . . date by

plaintiff." *Id.* at *1.  After judgment was entered, the plaintiff moved for attorney's fees.

Rejecting the defendant's arguments against an award of attorney's fees, the court held that,

although the silence on the issues of fees creates an ambiguity, that ambiguity must be construed against the defendant. *See id.* at *3.

Similarly, in *Glenn v. Fuji Grill Niagara Falls, LLC*, No. 14-cv-380, 2016 WL 1557751 (W.D.N.Y. Apr. 18, 2016), the defendant filed a Rule 68 offer of judgment that mentioned costs but was silent as to the issue of attorney's fees. *See id.* at *1. In opposing the plaintiff's motion for attorney's fees, the defendant cross-moved to vacate the Rule 68 offer pursuant to Rule 60(b) or, in the alternative, clarify the meaning of the offer as being "all-inclusive." *Id.* at *2. In rejecting the defendant's cross-motion, the court first found that Title VII "costs" includes attorney's fees. *See id.* at *3. Next, the court rejected the defendant's argument that there was no "meeting of the minds" as to the terms of the offer. *See id.* at *4. In rejecting this argument, the court took note of the fact that the negotiation history included only offers inclusive of attorney's fees and costs and that the plaintiff only accepted the offer after her attorney researched case law regarding the issue of attorney's fees and did not seek clarification from opposing counsel. *See id.* at *4 n.4.

As the Second Circuit and the Supreme Court has made clear, "Rule 68 applies to attorneys' fees when such fees are included within the definition of costs in the relevant statute." *Barbour*, 700 F.3d at 633 (citing *Marek*, 473 U.S. at 8-9). The Supreme Court has also emphasized that a party who intends a Rule 68 offer of settlement to cover costs must clearly say so:

> "If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs."

13

*Id.* at 633-34 (quoting *Marek*, 473 U.S. at 6).

Here, Defendants' Rule 68 Offer is silent as to the issue of attorney's fees and this silence must be construed against them. *See Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833-34 (9th Cir. 1997) (holding that although the usual rules of contract construction apply to a Rule 68 offer of judgment, "'Rule 68 offers differ from contracts with respect to attorney fees[;]' . . . as to them, any waiver or limitation must be clear and unambiguous") (quotation and other citations omitted); *Torres v. Metro. Life Ins. Co.*, 189 F.3d 331, 333 (3d Cir. 1999) (holding that a settlement agreement that "is silent as to attorney's fees will not be deemed to constitute a waiver, regardless of the course of negotiations") (citations omitted).  Since attorney's fees are available to the prevailing party under the FLSA and such fees are defined separately from costs under 29 U.S.C. § 216.  As such, the Court concludes that attorney's fees were not included in the Offer of Judgment and Plaintiffs are entitled to claim attorney's fees.  *See Black v. Nunwood, Inc.*, No. 1:13-cv-7207, 2015 WL 1958917, *3-*4 (S.D.N.Y. Apr. 30, 2015) (holding that both the FLSA and New York Labor Law define costs and fees separately).[4]

## B.    Motion to Vacate

Defendants contend that Plaintiffs' Notice of Acceptance and the June 15, 2017 Judgment entered thereon should be altered, amended, or stricken as they contain material omissions and mistakes which alter the terms of Defendants' Rule 68 Offer.  *See* Dkt. No. 58-4 at 11-15. Defendants argue that "[b]ecause the June 15, 2017 Judgment entered in this action does not

---

[4] In some instances, courts have found that an offeror may clarify a Rule 68 offer after making it.  In those cases, however, the offer was clarified prior to it being accepted.  *See Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402-03 (8th Cir. 1988); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1240 (4th Cir. 1989); *Atlantic Construction Fabrics, Inc. v. Dandy Products, Inc.*, 64 Fed. Appx. 757, 759 (Fed. Cir. 2003).  Here, however, Defendants have not provided evidence that they clarified their offer prior to acceptance.

accurately reflect the terms of the defendants' Rule 68 Offer of Judgment, it contains a clear legal error as to the scope of the Judgment, in that it states that the Rule 68 offer was accepted by LaBarca and Flint <u>only</u>, and the Judgment is therefore entered in favor of LaBarca and Flint only, as opposed to LaBarca and Flint on behalf of themselves and all others similarly situated, where the Rule 68 offer was clearly and unambiguously addressed to the latter." *Id.* at 12 (emphasis in original).  Defendants argue that they are entitled to relief under Rules 59(e), 60(a) and 60(b) of the Federal Rules of Civil Procedure. *See id.* at 11-12.

### 1. Rule 59(e)

Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946.  Its draftsmen had a clear and narrow aim.  According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment.

"Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982) (citation omitted).  By contrast, a request for attorney's fees under a statutory fee shifting provision that awards attorney's fees to a prevailing party "raises legal issues collateral to the main cause of action – issues to which Rule 59(e) was never intended to apply." *Id.* (footnote omitted).  Similarly, the Court has declined to apply Rule 59(e) to requests for costs. *See Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267 (1988).

In light of this authority, the Court finds that Rule 59(e) is inapplicable to the present matter.

### 2. Rule 60(a)

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  "A motion under Rule 60(a) is available only to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made.'" *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (quotation and other citations omitted).

Since Defendants' motion is not asking the Court to amend the judgment to accurately reflect a decision rendered by the Court, they are not entitled to relief under Rule 60(a).

### 3. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which the Court can grant relief from a judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2009) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)).[5]  A motion seeking relief pursuant to Rule 60(b) "is addressed to the sound discretion of the district court." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

---

[5] In their motion, Defendants rely on the first, fourth, and sixth subdivisions of Rule 60(b). *See* Dkt. No. 58-4 at 11-15.

16

""When the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits...the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost, and failed to appeal.'" *Glenn v. Fuji Grill Niagara Falls, LLC*, No. 14-cv-380, 2016 WL 1557751, *5 (W.D.N.Y. Apr. 18, 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)) (other citation omitted).  "This standard must be applied particularly stringently where, as here, the moving party seeks relief from a judgment resulting from its own Rule 68 offer of judgment." *Id.*  As noted above, any ambiguity in a Rule 68 Offer of Judgment is construed against Defendant. *See e.g., Torres v. Walker*, 356 F.3d 238, 245-46 (2d Cir. 2004) ("In any event, even assuming the language in the stipulation regarding payment of reasonable attorneys' fees [proves] to be ambiguous, any ambiguity therein must be construed against Defendants, who drafted the stipulation"); *Jolly v. Coughlin*, No. 92 Civ. 9026, 1999 WL 20895, *4 (S.D.N.Y. Jan. 19, 1999) (holding that, in evaluating a Rule 68 offer, "ambiguities in the contract will be construed against the drafter").

In the present matter, the Court finds that Defendants fail to meet their burden.  As discussed above, it is well settled that a Rule 68 offer that is silent as to attorney's fees allows the accepting party to seek such fees when the underlying statute provides for them to a prevailing party.  Thus, it would appear that Defendants' failure to explicitly include costs in the offer is due to counsel's error in drafting.  This is not a basis for relief under Rule 60(b)(1):

> "Relief from counsel's error is normally sought pursuant to [Rule] 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect.  But we have consistently declined to relieve a client under subsection (1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court..."

17

*Glenn*, 2016 WL 1557751, at *5 (quoting *Nemaizer*, 793 F.2d at 62).  Moreover, "'even if responsibility rests with ... counsel, Rule 60(b)(1) does not provide an avenue for relief.... [A]n attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his own interests by taking such legal steps as are necessary.'" *Id.* (quoting *Nemaizer*, 793 F.2d at 62-63) (other citation omitted); *see also Espaillat v. Cont'l Exp., Inc.*, No. 99-CV-6173, 2003 WL 22384799, *4 (W.D.N.Y. Sept. 5, 2003).  As such, the Court finds that Rule 60(b)(1) does not provide a basis for the relief requested.  *Glenn*, 2016 WL 1557751, at *5 (citations omitted); *see also Travelers Ins. Co. v. Monpere*, No. 93-CV-0127, 1997 WL 251491, *2 (W.D.N.Y. May 7, 1997) ("This mandates denial of the instant motion because it is well-settled that such attorney error does not constitute 'excusable neglect,' 'mistake' or any other basis for relief enumerated in [Rule] 60(b)(1)"); *Mendell, in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (holding that "counsel's ignorance of the law on this point cannot form the basis for relief under subdivision (1) of Rule 60(b)"), *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115 (1991).

Defendants also cite to Rule 60(b)(4) in support of their motion.  They offer no specific arguments, however, on why the judgment is void, and the Court is unable to find any.

Finally, the Court finds that Defendants have failed to satisfy their burden under Rule 60(b)(6).  This subsection, commonly referred to as the "catchall" provision, permits a court to reopen a judgment for "any other reason that justifies relief."  Although Rule 60(b) generally vests wide discretion in courts, the Supreme Court has held that "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'"  *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quotation omitted).  "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors.  These may include, in an appropriate case, 'the risk of

injustice to the parties' and 'the risk of undermining the public's confidence in the judicial

process.'"  *Id.* at 778 (quotation omitted).

As discussed, nothing about the facts of this case presents such "extraordinary

circumstances" to warrant relief under Rule 60(b)(6).  Based on the foregoing, the Court denies

Defendants' motion insofar as it seeks to vacate the Judgment through Rule 60(b).

**C.      Counteroffer**

Defendants argue that they are entitled to relief because the Offer of Judgment was made

to "Plaintiffs, Vincent J. LaBarca and Trisha A. Flint, on behalf of themselves and all others

similarly situated," yet the Notice of Acceptance only accepted the Offer on behalf of LaBarca

and Flint.  *See* Dkt. No. 58-4 at 9-11.  As such, Defendants contend that this constituted an

impermissible counteroffer, not recognized or authorized by Rule 68.  *See id.*

Contrary to Defendants' assertions, the Notice of Acceptance properly accepted the Rule

68 Offer.  In their Complaint, Plaintiffs made both collective action and class action allegations

pursuant to the FLSA and Rule 23 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 1.

Plaintiffs did not, however, make any application to the Court for conditional certification of the

FLSA collective or to certify a class and no other individual joined the action.  As Plaintiffs

correctly note, collective actions filed under the FLSA require each plaintiff to affirmatively opt

in to the action by submitting filed, written consent.  *See* 29 U.S.C. § 216(b) ("No employee shall

be a party plaintiff to any such action unless he gives his consent in writing to become such a

party and such consent is filed in the court in which such action is brought").  Without this

consent, no person will be bound by or may benefit from the Judgment.  The named plaintiffs

have no right to represent other similarly situated Plaintiffs without their consent by an opt-in.  If

no additional plaintiffs opt-in to the law suit, the FLSA plaintiffs advance only their own

individual claims.  *See Ward v. Bank of New York*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) (citations omitted).

Since LaBarca and Flint are the only two Plaintiffs that have consented to this action, they are the only two individuals to which the Rule 68 Offer and Judgment apply.

Similarly, since Plaintiffs did not make a motion for class certification pursuant to Rule 23, there can be no class.  Any unnamed class members are not part of this action and cannot be bound by any decision of this Court.  *See Mendez v. The Radec Corp.*, 260 F.R.D. 38, 46 (W.D.N.Y. 2009) (citations omitted).  As such, Plaintiffs could only accept the Rule 68 Offer on behalf of themselves because the Court had not certified a class.

**D.**    **Revocation**

In their motions, Defendants also contend that they should be permitted to revoke and rescind the Offer and Notice of Acceptance because the Offer was intended to resolve all claims, including attorney's fees, and because the Acceptance did not apply to other individuals similarly situated.  *See* Dkt. No. 58-4 at 15-18.  In making this argument, Defendants rely on, among other cases, *Cesar v. Rubie's Costume Co., Inc.*, 219 F.R.D. 257 (E.D.N.Y. 2004).  *See id.* at 17.

While it is true that courts, in certain circumstances, have permitted the revocation of a Rule 68 offer, such revocation has generally been made or attempted prior to the acceptance of the offer.  *See, e.g., Wyatt v. Horkley Self-Serve, Inc.*, 216 Fed. Appx. 699, 700-01 (9th Cir. 2007).  Further, the majority of courts to have addressed the issue have held that revocation of a Rule 68 offer, especially once accepted, is either inappropriate or entirely unavailable.  *See Phillips v. Collier RV Super Ctr., Inc.* ___ F.R.D. ___, 2017 WL 6335810, *1-*2 (N.D. Ill. 2017) (citing *Webb v. James*, 147 F.3d 617, 620-21 (7th Cir. 1998)); *Walsh v. Trustees of Boston Univ.*, No. 04-cv-11240, 2007 WL 9683728, *5 (D. Mass. Sept. 28, 2007); *Qiang Wang v. Palo Alto*

*Networks, Inc.*, 686 Fed. Appx. 890, 894 (Fed. Cir. 2017) (citing *Latshaw v. Trainer Wortham &
Co.*, 452 F.3d 1097, 1099-1101 (9th Cir. 2006)); *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689,
692 (7th Cir. 2013) (holding that the contract doctrine of rescission is inapplicable to Rule 68
offers); *Gonyer v. Vane Line Bunkering, Inc.*, No. 13-cv-8488, 2014 WL 10250861, *1 (S.D.N.Y.
Oct. 14, 2014) (refusing to permit the defendant to rescind its Rule 68 offer where the plaintiff
converted the FLSA case into a collective action after the offer was made because it was not a
"material change" in the litigation).

The Court agrees with the majority of cases to have addressed this issue and finds that
Defendants may not now rescind their Rule 68 Offer.  Accordingly, the Court denies Defendants'
motion to revoke or rescind.

**E.      Authority to Make Offer**

Defendants rely on *Kleine v. City of New York*, 547 F. Supp. 2d 315 (S.D.N.Y. 2008), in
support of their argument that Ms. Lloyd lacked authority to make an offer of judgment to resolve
anything less than all of the claims for relief set forth in the complaint, including all claims for
attorney's fees.  *See* Dkt. No. 58-4 at 18-19.  Defendants' reliance is misplaced.  In *Klein*, the
court held that the assistant corporation counsel assigned to the case did not have apparent
authority to settle the case because the City's charter expressly provided that the Comptroller is
the only official with settlement authority in litigated cases and none of the facts suggested that
the Comptroller or any of his staff represented to the plaintiff or his counsel that the assistant
corporation counsel had authority to settle the case in the absence of explicit authority from the
Comptroller.  *See Kleine*, 547 F. Supp. 2d at 318-19.

Here, however, Ms. Lloyd did have actual and apparent authority to settle this case by way of the Rule 68 Offer of Judgment.  The problem facing Defendants is that the Offer of Judgment does not legally mean what they want it to mean.

Accordingly, the Court denies Defendants' motion on this ground.

**F.     Application for Attorney's fees and Bill of Costs**

The Court has some considerable concerns regarding the requested attorney's fees.  First, the Court notes that there are a considerable number of block entries that involve considerably different tasks.  Such billing techniques make it exceedingly difficult for the Court to determine if the time spent on the underlying tasks was reasonable.

Additionally, the Court has concerns over the issues surrounding the Rule 68 offer and acceptance.  For example, from June 8, 2017 through June 12, 2017, Plaintiff's counsel, Sarah Burger has the following billing entries:

| Trans Date | Tmkr | | Hours to Bill | | |
|---|---|---|---|---|---|
| 06/08/2017 | SJB | . . . | 2.20 | . . . | Receipt and review of rule 68 offer from Jeanne Lloyd, Esq.; research regarding rule 68 offers; deposition preparation James Metz deposition |
| 06/09/2017 | SJB | . . . | 5.10 | . . . | Review Rule 68 offer; telephone conference C. deOliveira re Rule 68 offer; office meeting with clients re Rule 68 offer; continued research re Rule 68 offers and attorney fee application; continued drafting of outline and review documents for James Metz deposition |
| 06/11/2017 | SJB | . . . | 1.50 | . . . | Review case documents in preparation for James Metz deposition; continued review research re: Rule 68 offers of Judgment |

| | | | | | |
|---|---|---|---|---|---|
| 06/12/2017 | SJB | . . . | 2.50 | . . . | Telephone conference M. Sweeney, Esq. re Rule 68 offer; draft notice of acceptance of rule 68 offer; telephone conference M. Billok, Esq. re rule 68 offer research |

Dkt. No. 55-1 at 37.  Putting aside the block-billing issues with these entries for the moment, the Court has considerable reservations regarding the amount of time spent researching Rule 68 offers of judgment.  Most troubling is the entry from June 9, 2017, in which Ms. Burger specifically notes that she was researching issues surrounding "Rule 68 offers and attorney fee application[.]"  This entry and the amount of time spent researching and discussing Rule 68 offers with other members of her firm leads the Court to believe that Ms. Burger realized that the offer was meant to include attorney's fees and be a global settlement offer.  The Court is unable to see any other reason for spending such an inordinate amount of time researching this issue.

The Court notes that, although a prevailing party is generally entitled to recover attorney's fees, "special circumstances" may render such an award unjust.  *See Young v. Smith*, 269 F. Supp. 3d 251, 273 (M.D. Pa. 2017) (citing *Ashley v. Atl. Richfield Co.*, 794 F.2d 128, 131 (3d Cir. 1986) (quoting *Newman v. Piggie Park Enters*, 390 U.S. 400, 402 (1968))).  For instance, when a plaintiff's counsel submits a claim that is "so intolerably inflated," district courts may "depart[ ] from the usual practice" and "react vigorously to prevent such abuse."  *Id.* (quoting *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980)).  "Several courts of appeals have recognized that district courts may deny a fee request in toto if the amount requested is so excessive that it 'shocks the conscience' of the court.'"  *Id.* (quotation and other citations omitted).  "Moreover, courts have found the requisite special circumstances in cases where a party exhibited 'obstructive behavior' at

trial; . . . and where a party 'burdened' defense counsel and 'disregarded the court's instruction.'" *Id.* (quotations omitted).[6]

In light of the concerns the Court has expressed, the Court is denying without prejudice Plaintiff's motions for attorney's fees and taxation of costs. The Court makes no decision regarding the merits of these motions; they are simply being denied so that counsel may supplement their submissions to address the Court's concerns.[7]

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Defendants' motion to revoke or rescind their Rule 68 Offer, or, in the alternative, to amend, alter, or revoke the Judgment (Dkt. No. 58) is **DENIED**; and the Court further

**ORDERS** that Plaintiffs' motions for attorney's fees and for bill of costs (Dkt. Nos. 55 & 56) are **DENIED without prejudice**; and the Court further

**ORDERS** that Plaintiffs shall renew their motions for attorney's fees and bill of costs within ten (10) days of the filing of this Memorandum-Decision and Order; and the Court further

---

[6] Although much of this authority deals with applications for attorney's fees under 42 U.S.C. § 1988, its reasoning applies equally to fee applications under the FLSA. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1326 n.1 (S.D. Fla. 2015) (citation omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (holding that the standards for awarding attorney's fees are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'").

[7] The Court also notes that courts have held that once an offer of judgment has been accepted, the plaintiff has waived any right to attorney's fees incurred after such acceptance. *See, e.g., Foster v. Kings Park Cent. Sch. Dist.*, 174 F.R.D. 19, 28-29 (E.D.N.Y. 1997).

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 1, 2018
    Albany, New York

Mae A. D'Agostino
U.S. District Judge